# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TIMOTHY WIGGINS, Defendant. | No. CR09-0006 ORDER FOR PRETRIAL DETENTION |

On the 20th day of July, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti S. Sleister. The Defendant appeared personally and was represented by his attorney, James P. Moriarty.

## RELEVANT FACTS

On March 18, 2009, Defendant Timothy Wiggins was charged by Indictment (docket number 1) with possession of more than 50 grams of crack cocaine with intent to deliver, after having previously been convicted of two felony drug offenses. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 14, 2009.

Cedar Rapids Police Officer Nathan Juilfs, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the charge. On December 19, 2008, Defendant was stopped in Cedar Rapids while speeding. Defendant told the officer that he was eating and talking on the phone, and had not realized how fast he was going. After being asked to exit the vehicle, Defendant consented to a pat-down search of his person. While Defendant was being searched, a baggie containing approximately 82 grams of crack cocaine apparently fell from Defendant's pant leg. Defendant was then arrested and transported to the Cedar Rapids Police Department.

According to the pretrial services report, Defendant is 27 years old and lives in Chicago. While Defendant has never been married, he has five children (ages 5, 3, 2, 2, and 1) with five different mothers. All of the children and their mothers live in the Chicago, Illinois area.

Defendant attended high school in Chicago until the tenth grade. He is employed at his father's construction company, doing painting and other repairs. Defendant does not suffer from any physical or mental health problems. Defendant told the pretrial services officer that he uses cocaine, but denied using on a regular basis.

In August 2000, Defendant was sent to prison in Illinois following conviction for three drug-related offenses. Defendant was paroled in January 2001. While on parole, Defendant was arrested and subsequently convicted of another drug-related offense. He was sent to prison on the new charge and his parole was revoked on the earlier charges. Defendant was paroled a second time in June 2002, and discharged from parole in June 2003.

In 2003, Defendant was arrested on two more drug-related offenses. According to the pretrial services report, the disposition of the first charge is "unknown" and Defendant was found not guilty on the second charge. In 2005, Defendant was arrested for possession of cannabis, but according to the pretrial services report the charge was "stricken on leave."

In January 2006, Defendant was charged with being a felon in possession of a firearm, and two counts of aggravated unlawful use of a weapon. The Defendant was convicted of the second count and sent to prison in November 2006. Defendant was paroled in January 2007. While on parole, however, Defendant was convicted of criminal damage to property and aggravated assault of a fireman/volunteer. Defendant was sentenced to 210 days in jail on the new charges and his parole was revoked. Defendant was discharged from prison in May 2008. The incident which gives rise to the instant action occurred in December 2008.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with intent to deliver 80.3 grams of crack cocaine after having previously been convicted of two felony drug offenses, which is an offense found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute more than 50 grams of crack cocaine after having previously been convicted of two felony drug offenses. If convicted of this charge, Defendant faces life in prison. Officers will testify that a baggie of crack cocaine fell from Defendant's pants after he was stopped for speeding. Accordingly, the evidence would appear to be strong. Defendant has lived in Chicago all of his life and it does not appear that he has any ties to the Northern District of Iowa. While Defendant denied the regular use of controlled

substances, he has multiple drug-related convictions. Defendant has been sent to prison on two separate occasions and after being paroled in each case, he violated his parole on both occasions. The Court has no confidence that Defendant would comply with any terms or conditions of release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 16, 2009) to the filing of this Ruling (July 21, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 21st day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA